IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Tampa Division

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                    Plaintiff,

vs.                                                      Civil Action No. _____

INTERSTATE TRANSPORT, INC.,

                    Defendant.
_____/

### PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S COMPLAINT AND DEMAND FOR JURY TRIAL

This is an action under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110–325, 122 Stat 3553 (2008) (codified as amended in scattered sections of 42 U.S.C.), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a. The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant Interstate Transport, Inc. ("Interstate" or "Defendant") discriminated against Charging Party Linda Brown ("Ms. Brown") when it fired her because of her disability (cervical cancer) in violation of Section 102(a), 42 U.S.C. § 12112(a).

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

**PARTIES**

3.      The Commission is an Agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      The Defendant is a provider of third-party logistics and truck brokerage services, and has its corporate office in St. Petersburg, Florida.

5.      At all relevant times, the Defendant has continuously done business in Florida, and has continuously had at least fifteen employees.

6.      At all relevant times, the Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7), which incorporates by reference 42 U.S.C. 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

7.      At all relevant times, Defendant has been a covered entity under Section 101(2) of

the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEEDINGS

8.      More than thirty days prior to the institution of this lawsuit, Ms. Brown filed a charge of discrimination with the Commission against Defendant alleging disability discrimination in violation of the ADA.

9.      The Commission sent Defendant notice of Ms. Brown's discrimination charge.

10.     The Commission issued a Letter of Determination on February 19, 2019 finding reasonable cause to believe that Defendant discriminated against Ms. Brown because of her disability (cervical cancer).

11.     The Commission engaged in communications with Defendant to provide the Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12.     The Commission was unable to secure from the Defendant a conciliation agreement acceptable to the Commission.

13.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

14.     Interstate is a third-party logistics provider with dispatch operations providing nationwide logistics services for all types of freight.

15.     On May 1, 2017, Ms. Brown was hired for the position of Carrier Set Up Team Member Assistant, a clerical position.

16.     On May 4, 2017, Ms. Brown began her employment with Interstate.

17.     On June 5-6 and again on June 19-20, 2017, Ms. Brown went to the hospital due to

3

vaginal bleeding and advised Interstate that she was unable to go to work.

18.     Upon her return to work, on each occasion, Ms. Brown provided medical documentation of her hospital stay.

19.     On June 27, 2017 Ms. Brown was informed that her test results necessitated a meeting with her doctor and, on June 28, 2017, she advised Interstate that she would not be at work because she needed to meet with her doctor to decide a course of treatment related to her test results.

20.     That same day, Interstate began to look for and identify deficiencies in Ms. Brown's performance, even though Ms. Brown had not been given any negative feedback about her performance.

21.     On June 29, 2017, having learned that she required cancer related surgery, Ms. Brown met with Interstate and advised management of her test results and condition, along with her need for leave in July for a surgical procedure.

22.     Interstate told Ms. Brown that she presented a risk to the company, required too much leave time, and then terminated her employment.

23.     As a result of Interstate's unlawful employment practices, Ms. Brown suffered damages.

## STATEMENT OF CLAIMS

24.     Paragraphs 14 through 23 are incorporated by reference as if fully set forth herein.

25.     Ms. Brown is a qualified individual with a disability as defined by the ADA.

26.     Interstate discriminated against Ms. Brown in violation of 42 U.S.C. § 12112(a), as amended, by terminating Ms. Brown on the basis of a disability.

4

27.    The effect of the practices complained of in paragraphs 14 through 23 above has been to deprive Ms. Brown, a disabled employee, of equal employment opportunities and otherwise to adversely affect her status as an employee because of her disability.

28.    As a direct and proximate result of the practices complained of in the foregoing paragraphs, Ms. Brown has suffered actual pecuniary and non-pecuniary damages, including but not limited to lost earnings and benefits, emotional pain, suffering, embarrassment, and inconvenience.

29.    The unlawful employment practices complained of in the foregoing paragraphs were intentional and were done with malice or with reckless indifference to the federally protected rights of Ms. Brown.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

30.    Grant a permanent injunction enjoining the Defendant, its officers, parent(s), successors, assigns, agents, managers, employees and all persons in active concert or participation with it, from engaging in employment practices which discriminate against qualified individuals on the basis of disability;

31.    Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

32.    Order the Defendant to make Ms. Brown whole by providing compensation for past, present, and future pecuniary losses resulting from the unlawful employment practices complained of herein, in amounts to be determined at trial, and other affirmative

relief as necessary to eradicate the effects of Defendant's unlawful employment practices;

33.    Order Defendant to make Ms. Brown whole by providing appropriate back pay with pre-judgment interest and lost benefits, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the Defendant's unlawful employment practices;

34.    Order the Defendant to pay Ms. Brown punitive damages for engaging in intentional discrimination with malice or with reckless indifference, in amounts to be determined at trial;

35.    Grant such other further relief as the Court deems necessary and proper in the public interest; and

36.    Award the Commission its costs in this action.

### JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by this Complaint.


Dated:  July 16, 2019.


            Respectfully submitted,

            JAMES L. LEE
            Deputy General Counsel

            GWENDOLYN YOUNG REAMS
            Associate General Counsel
            U.S. Equal Employment Opportunity
            Commission
            131 M Street, N.E.
            Washington, D.C. 20507

ROBERT WEISBERG
Regional Attorney

KIMBERLY A. CRUZ
Supervisory Trial Attorney

s/Kimberly A. Cruz
KIMBERLY A. CRUZ
Supervisory Trial Attorney /Lead Counsel Trial
Florida Bar No. 153729
U.S. Equal Employment Opportunity
Commission
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Tel: 305-808-1790
Fax: 305-808-1835
Kimberly.Cruz@eeoc.gov